IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JENNIFER SWEAT, )
on behalf of herself and )
all others similarly situated, )
)
Plaintiff, )
)
v. ) Case. No.: 3:16 cv 940-J-34 PDB
)
NBTY, INC., )
)
Defendant. )

**CLASS ACTION COMPLAINT**

This class action stems from defendant's marketing and selling of Ester-C and other vitamin supplements with an unqualified representation of "Made in USA," when the products contain substantial ingredients sourced from foreign countries. Plaintiff brings this class action under the laws of Florida and the similar laws of eight other states on her own behalf and on behalf of all others similarly situated.

**I.**

**Introduction**

1. In determining whether a product may bear a label with the unqualified statement "Made in the USA" without violating the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Florida law directs that the Court look to federal law under the Federal Trade Commission Act (FTCA), including the regulations and

1

federal court decisions applying the FTCA. Fla. Code § 501.204 ("due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to § 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)"). The statute further states that "[a]ll substantive rules promulgated under this part must not be inconsistent with the rules, regulations, and decisions of the Federal Trade Commission and the federal courts" construing the FTCA. Id. § 501.205.

2.   The FTC regulations divide domestic-source representations into two types: qualified and unqualified. Qualified statements typically say something like "Made in the USA from domestically and foreign-sourced ingredients." Unqualified statements, on the other hand, simply say "Made in America" or "Made in the USA" without any further explanation, and so invite a higher level of scrutiny. The Federal Trade Commission has defined the unqualified term "Made in the USA" to mean that the product is "all or virtually all" made in the United States. The phrase "all or virtually all" means, according to the FTC, that "all significant parts and processing that go into the product must be of U.S. origin, that is the products should contain no--or negligible--foreign content." Even if foreign-sourced parts or ingredients constitute only a small percentage of a product, according to the FTC a company cannot make an unqualified claim of U.S. origin ("Made in the USA") if those parts or ingredients are significant parts or ingredients. In such a case, it is only

permissible to make any claim of domestic-source if it is accurately qualified, such as "Made in the USA from domestic and foreign ingredients."

3.  A sterling example of this principle is contained in a November 20, 2015 FTC staff letter to an attorney representing Niall Luxury Goods, a watch-manufacturer that made an unqualified claim that its watches were made in the U.S. The Niall watches contained a movement manufactured in Switzerland, and the movement was a small percentage of the overall product in terms of content and price. The FTC confirmed that an unqualified representation of domestic origin was impermissible in these circumstances, reasoning: "In this case, though the cost of a Swiss movement may be small relative to Niall's overall U.S. manufacturing costs, without a movement, a watch cannot tell time. Therefore, movements are essential to the function of a watch." The FTC concluded that the remedial steps taken by Niall, which were to change the domestic-source representation from unqualified to qualified, were sufficient and no further action was needed:

> Accordingly, to avoid deceiving consumers, Niall implemented a remedial action plan to qualify its representations. This plan included:
>
> (1) updating claims on watch dials and bezels to clarify that the watches contain Swiss parts;
>
> (2) updating websites and social media; and
>
> (3) adopting new compliance measures, including legal review of future marketing materials and a coordinated media plan.

3

> Based on your actions and other factors, the staff has decided not to pursue this investigation any further.

This FTC letter, published for guidance, is entirely consistent with other guidance published by the FTC. See, e.g., Spray Pal Closing Letter, (Oct 1, 2015) (unqualified claim deceptive for diaper cleaning device because clip which held diaper to device was imported, noting that "although the cost of the clip may be small relative to the overall manufacturing costs, the clip is essential to the function of the Spray Pal product."); Gorilla Glue Closing Letter (June 5, 2015) (unqualified claim deceptive for glue because "key raw material in the product that gives it its adhesive quality is sourced overseas."); Leggett & Platt, Inc. Closing Letter (Feb 25, 2016) (unqualified claim deceptive on adjustable desk because "the imported motor and electronics are essential to the desks function."); Weiss Watch Co., Inc. Closing Letter (Dec. 7, 2015) (unqualified claim deceptive where "though the cost of the Swiss parts may be small relative to Weiss's overall U.S. manufacturing costs, the imported parts constitute the key parts of the watches' movement, and are essential to the watches' function."); Hawke Enterprises Inc. Closing Letter (Nov. 14, 2012) (unqualified claim for floor cleaners deceptive where they contained Mexican motors.). In the same way that a watch cannot be a watch without a movement, glue cannot be glue without its adhesive ability, an adjustable desk cannot be an adjustable desk without its adjustment mechanism, a diaper cleaner cannot be a diaper cleaner without its essential clip, and a floor cleaner cannot be a floor cleaner without its essential

4

motor, a vitamin supplement cannot be a vitamin supplement without the vitamins it is supposed to contain.

4.  Defendant makes an unqualified representation that its products are domestically-sourced. Its labels say "Made in USA" without qualification and carry an American flag. The labels also make an affirmative representation of the specific vitamins and the RDA percentage of those vitamins that are contained in the products. The defendant's supplements, contrary to this unqualified Made in USA representation, contain at least one essential ingredient that it represents it contains, Vitamin C, which is foreign-sourced (and as plaintiff alleges herein, more likely than not other essential ingredients that are foreign-sourced). The defendant's unqualified representations that its vitamin supplements are domestically sourced violate the FTCA, as interpreted by the FTC, and therefore violate Florida law. The most the law would permit a company to do in these circumstances is to make a qualified representation such as "Made in the USA of foreign and domestically sourced ingredients." Labeling these supplements "Made in USA" without qualification is a serious issue because it deceives purchasers who are rightly concerned about the safety of imported food ingredients, and because it gives defendant an unfair advantage over its competitors.

## II.

## Parties, Jurisdiction, and Venue

5. Plaintiff is an adult resident citizen of Lake Butler, Florida, which is within this district and division.

6. Defendant NBTY, Inc., ("NBTY") is a Delaware corporation with its principal place of business in Ronkonkona, New York

7. Because there is diversity between plaintiff and the defendant, and because the aggregate amount in controversy for the class claims exceeds $5,000,000, exclusive of interest and costs, diversity jurisdiction exists under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005.

8. Defendant NBTY is the manufacturer of the Ester-C brand of vitamins, including, without limitation, Immune CHARGE Gummies, Immune CHARGE Quick Dissolve, 1000mg Tablets, Gummies 1000 mg, Ester-C Plus Probiotics, Ester-C To Go, 500mg Tables, and Ester-C with Vitamin D3.

9. Defendant sold, and plaintiff bought, the defendant's products in this district and division, so venue is appropriate under 28 U.S.C. § 1391(b)(2) as a substantial part of the conduct giving rise to this action occurred in this district and division.

### III.

## Factual Background

10. On several occasions within the applicable limitations period, Plaintiff bought Defendant's Ester-C 500mg Tablets for personal and household use. Plaintiff made these purchases throughout 2015 and afterwards. She purchased the Defendant's vitamins at a Wal-Mart store in Union County, Florida. The vitamins she purchased contained on their back label an American flag and the words "Made in USA," which is an unqualified country-of-origin representation under the FTC guidelines.

11. The labels of Defendant's other Ester-C and other products also have an American flag on the back label above the words "Made in USA," which, again, is an unqualified country-of-origin representation.

12. This unqualified representation of the USA as the country of origin is deceptive because Defendant's Ester-C products contain ingredients sourced in foreign countries. These foreign-sourced ingredients include vitamins, such as, without limitation, vitamin C. Because vitamins in commercial products are normally purchased as "packs," or groups of assorted vitamins, there is a high degree of likelihood that any product containing vitamin C also contains other foreign sourced vitamins in addition to the foreign sourced vitamin C. Because manufacturers normally purchase various vitamin packs from the same supplier there is a high degree of likelihood that other vitamin packs purchased from the same

7

supplier contained foreign sourced vitamins. Foreign sourced vitamins are an essential part of the products at issue in this case. Therefore the use of the unqualified phrase "made in USA" on the labels is deceptive.

13. Defendant placed these misleading and inaccurate labels on their products with the intention that plaintiff and other consumers rely on them.

14. Plaintiff is an unsophisticated consumer who purchased the products for household use.

15. Plaintiff is also a patriotic Americans who prefers to purchase goods sourced in the United States rather than goods containing essential imported ingredients, and is willing to pay a premium for wholly American-sourced goods. In this regard, plaintiff is similar to other American consumers who are willing to pay more for domestically-sourced goods, particularly when those goods are foods and health-related products. When an American consumer buys something to put in his or her mouth, that consumer would prefer that all of the ingredients being consumed come from the U.S. rather than China or other foreign countries.

16. Plaintiff saw the misleading labels prior to purchasing the items and relied upon them, believing that the flag and "made in USA" label meant that the items met the legal standard to bear such labels.

## IV.

## The Applicable Law

19. The Florida Deceptive and Unfair Trade Practices Act provides:

(1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(2) It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2001.

Fla. Code § 501.204.

17. The federal law governing country-of-origin claims is contained in the Federal Trade Commission's ("FTC") <u>Enforcement Policy Statement on U.S. Origin Claims</u>. According to the FTC, for an *unqualified* express claim of domestic origin to be legal and not deceptive, the product must be "all or virtually all" made in the United States. The phrase "all or virtually all" means that all significant parts and processing that go into the product must be of U.S. origin. The foreign sourced vitamins used by defendant are not only "significant," but essential. Without vitamins they would not be vitamins. Defendant's Made in USA labeling and use of the American Flag are thus forbidden by federal law, and therefore Florida law.

21. Plaintiff has suffered damages because she paid more for the products than they were actually worth. Plaintiff also suffered damages because she did not receive the benefit of her bargain, since she intended to purchase goods made and sourced in the U.S.A.

22.  Defendant sells other dietary supplements that, like Ester-C 500mg Tablets, are labeled with the unqualified country-of-origin representation "Made in USA" but contain ingredients manufactured and sourced in foreign countries. These products include, but are not limited to, Defendant's Ester-C brand lines. The foreign-sourced ingredients they contain include, without limitation, vitamin C. Those products also were not "all or virtually all" made in the USA. Like the products Plaintiff purchased, those products contained significant ingredients sourced outside the USA. To make an unqualified claim that these products were domestically-sourced in deceptive as a matter of law.

23.  Plaintiff will continue to be damaged by Defendant's false marketing and labeling of products with the false unqualified representation that they are made in the USA. According to its website, NBTY owns at least 19 brands which market and sell an array of consumer products. Plaintiff, as unsophisticated consumers, does not even know all of the brands owned by Defendant. Because of Defendant's misrepresentations, Plaintiff cannot know whether labels with the unqualified claim of made in the USA are accurate on any of these products.

24.  Without injunctive relief, Plaintiff could easily fall prey to such deceptive marketing tactics in the future.

## V.

## Class Allegations

25. Plaintiff brings this action on her own behalf and on behalf of others similarly situated as a multi-state class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class which Plaintiff seeks to represent is composed of and defined as:

> All persons residing in states which have enacted the Uniform Deceptive Trade Practices Act, The Florida Deceptive and Unfair Trade Practices Act, or any act similar in substance, who, within the applicable limitations period, have purchased dietary supplements manufactured and marketed by defendant and labeled "Made in the USA," featured an American Flag, or otherwise labeled or marketed with an unqualified representation of domestic sourcing.

The Florida law in question is Fla. Code § 501.204. The other states with similar if not identical law are California, Illinois, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington. See Cal. Bus. & Prof. Code § 17200, et seq.; 815 ILCS 510/2, et seq. ; Mich. Stat. §445.901 et seq.; Minn. Stat. §§325F.68-325F.70; Mo. Rev. Stat § 407.010 et seq.; N.J. Stat. Ann. § 56:8-1 et seq.; N.Y. Gen. Bus. Law § 349 et seq.; and Wash. Rev. Code §19.86.010 et seq.

26. Alternatively, if the Court does not certify the above class, Plaintiff seeks to represent the following Florida-only class:

> All persons residing in Florida who, within the applicable limitations period, have purchased dietary supplements manufactured and marketed by Defendant and labeled "Made in the USA," featured an American Flag, or otherwise labeled or marketed with an unqualified representation of domestic sourcing.

27. This action has been brought and may be properly maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, and satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements thereof.

28. Defendant markets its dietary supplements in major retail stores throughout the United States as well as on the Internet. Therefore, the plaintiff class is so numerous that the individual joinder of all members is impracticable. The class meets the numerosity requirement of Fed. R. Civ. Proc. 23(a)(1).

29. Common questions of law and fact, including whether defendant's dietary supplements contain ingredients manufactured and sourced from foreign countries, exist in this case. The class meets the commonality requirement of Fed. R. Civ. Proc. 23(a)(2).

30. Plaintiff's claims are typical of the claims of the members of the class under Fed. R. Civ. P. 23(a)(3). The plaintiff and all members of the class sustained damages arising out of defendant's course of conduct in violation of the law as complained herein. The losses of each member of the class were caused directly by defendant's wrongful conduct in violation of the law as alleged herein.

31. The plaintiff named herein will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4). Plaintiff has no interests which are adverse to the interests of absent class members. Plaintiff, like all class

members, purchased dietary supplements falsely labeled with the unqualified country-of-origin representation "Made in USA."

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Fed. R. Civ. Proc. 23(b) because individual joinder of all class members is impracticable. Furthermore, because the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual class members to redress the wrongs done to them. Individual litigation would likewise burden the court system to a much greater degree than a class action, and would present the potential for inconsistent or contradictory judgments. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

## VI.

### Claim for Relief

**Count One: Violation of Florida Deceptive and Unfair Trade Practices Act**

33. Plaintiff incorporates by reference paragraphs 1-32 of this Complaint as if fully set forth herein.

34. Defendant violated FDUTPA § 501.204, which incorporates FTC interpretations, by labeling and marketing their dietary supplements with the

unqualified country-of-origin claim that they were made in the USA when, in fact, they contained essential foreign-sourced ingredients.

35. Defendant has violated this section repeatedly and willfully, intentionally using "Made in the USA" labels to confuse and defraud shoppers.

36. Plaintiff, and the class he represents, are entitled to declaratory relief, injunctive relief, actual damages, attorneys' fees and expenses, and costs under FDUTPA § 501.211.

### Count Two: Violation of the Similar Statutes of Other States

37. Plaintiff incorporates by reference paragraphs 1-36 of this Complaint as if fully set forth herein.

38. Other states have deceptive trade practices acts which, as they apply to the facts at issue here, are in substance the same as the Acts referenced in Counts 1 and 2, prohibiting the conduct detailed herein. The other states with similar if not identical law are California, Florida, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington. See Cal. Bus. & Prof. Code § 17200, et seq.; Fla. Stat. § 501.201 et seq.; Mich Stat. §445.901 et seq.; Minn Stat. §§325F.68-325F.70; Mo. Rev. Stat § 407.010 et seq.; N.J. Stat. Ann. § 56:8-1 et seq.; N.Y. Gen. Bus. Law § 349 et seq.; and Wash. Rev. Code §19.86.010 et seq. On behalf of the plaintiff class, Plaintiff asserts claims under those statutes as well for class members residing in those states.

39.     On behalf of the out-of-state class members, Plaintiff seeks actual damages, punitive damages, attorney's fees, and costs.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff prays for the following relief:

A) An order certifying this as a statewide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B) An order appointing plaintiff's counsel as Class Counsel to represent the interests of the class;

C) After trial, a declaration that defendant has violated the law as alleged herein, and an injunction ordering defendant to stop their violations of law as alleged herein;

D) After trial, an award of actual damages;

E) An award of reasonable attorneys' fees and expense, and costs; and

F) Such further or different relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by struck jury on all counts.

Respectfully Submitted,

/s/ Kristan B. Rivers
Kristan B. Rivers
One Attorney for Plaintiff
FL Bar #107214
DAVIS & NORRIS LLP
2154 Highland Avenue South

Birmingham, Alabama 35205
PH: 205.930.9900
krivers@davisnorris.com

**OF COUNSEL:**
DAVIS & NORRIS LLP
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com
krivers@davisnorris.com